EDDY HSU, ESQ. (BAR # 245390)
LAW OFFICE OF EDDY HSU
111 NORTH MARKET ST.
SUITE 300
SAN JOSE, CALIFORNIA 95113
(408) 625-1138
(408) 625-1139 FAX

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In Re:<br><br>**ROBERT KEITH AGANON and LAURA LABARIA AGANON**,<br>Debtors.<br><br>**ROBERT KEITH AGANON and LAURA LABARIA AGANON**,<br>Plaintiffs<br>vs<br>**CALIFORNIA PACIFIC MEDICAL CENTER**<br>Defendant | Case No. 10-31582<br><br>Adv. No: _____<br><br>Chapter 7<br><br>COMPLAINT |
|---|---|

**Complaint Seeking Damages in Core Adversary Proceeding**
**(Demands for Payment)**

**Introduction**

1. This is an action for actual and punitive damages filed by the debtors pursuant to Section 524 of the Bankruptcy Code, Section 105 of the Bankruptcy Code, the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. (hereinafter referred to as "FDCPA"), and the California Rosenthal Act, California Civil Code, section 1788.17 (hereinafter referred to as " Rosenthal Act").

2. In essence, Defendant harassed Plaintiffs with (4) attempts to collect from June 2010 to September 2010 without permission from Plaintiff's counsel and despite Plaintiff's counsel's multiple letters to creditor to cease all communications.

## Jurisdiction and Venue

3. Jurisdiction is conferred on this Court pursuant to the provision of 28 U.S.C. 1334 in that this proceeding arises from and is related to the above captioned case under Title 11.

4. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

5. This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

6. This Court also has jurisdiction to hear the Fair Debt Collection Practices Act violations pursuant to Section 1692 of Title 15 of the United States Code; thus, federal subject matter jurisdiction is properly founded upon Section 1331 of Title 28 of the United States Code.

7. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

8. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## Parties

9. The Plaintiffs in this case were and are debtors under Chapter 7 of Title 11 of the United States Code in case number 10-31582. The Plaintiffs are residents of San Francisco County, California.

10. The Defendant, California Pacific Medical Center (hereinafter "CPMC") is a business operating in several locations in San Francisco, California. Based on their statements, their mailing address is PO Box 60000, San Francisco, CA 94160

## FACTS

11. The Chapter 7 case of the Plaintiffs was commenced by the filing of a voluntary petition with the Clerk of this Court on April 29, 2010.

12. Discharge was granted on August 12, 2010.

13. Defendant CPMC, was named in Schedule F of the Petition as creditor without security or priority. The Defendant Washington is a creditor of the Debtors by virtue of medical services provided.

14. Defendant CPMC Hospital is a debtor collector under of California Civil Code Section 1788.2(c)

15. On at least (4) occasions, Defendant CPMC sent statements to Plaintiffs in an attempt to collect the debt listed in Schedule F of the Petition. (A copy of these statements are included as Exhibit A)

16. Plaintiff's attorney sent (3) letters to Defendant CPMC notifying them of Plaintiffs' Chapter 7 Bankruptcy case and number, the automatic stay in effect, and that further communications directly with the Plaintiffs would be considered a violation of the Federal Fair Debt Collection Practices Act and the California Rosenthal Act. The letter ended with a deadline for withdrawal of the demand in writing. (A copy of the letters sent by Plaintiffs' attorney dated June 6, 2010, July 13, 2010, and August 16, 2010 is attached as Exhibit B)

17. On or about September 3, 2010, Defendant CPMC sent Plaintiffs another collection letter despite the notice of discharge.

18. The Plaintiffs have been harassed and damaged by the Defendants' repeated and continued actions in that they have been and continue to be forced to expend their time, health, and expenses toward the defense of this contested matter.

**First Claim for Relief**
**(Violation of Discharge Injunction 11 U.S.C. 524)**

19. The allegations in paragraphs 1 through 18 of this complaint are realleged and incorporated herein by this reference.

20. Defendant willfully violated 11 U.S.C. 524 by unlawfully sending (4) letters to harass Plaintiffs, coerce payment, and collect on a discharged debt. At the end of the September 3, 2010 letter, Defendant states "FINAL NOTICE! Please pay the balance due to prevent placement with a collection agency."

21. Each of Defendant's letters clearly states that it is trying to collect a debt.

**Second Claim for Relief**
**(Violation of California Rosenthal Act)**

22. The allegations in paragraphs 1 through 22 of this complaint are realleged and incorporated herein by this reference.

23. The Plaintiffs are a "person" as that term is defined by California Civil Code Section 1788.2(g).

24. The Plaintiffs' relationship with the Defendant arose out of a "debt" as that term is defined in California Civil Code Section 1788.2(d).

25. The Defendant was and is "debt collector" as that term is defined by applicable provisions of California Civil Code Section 1788.2(c).

26. The Defendants executed a "debt collection" as that term is defined by applicable provisions of California Civil Code Section 1788.2(b).

27. Under the provision of California Civil Code Section 1788.13(k) the Defendant was and is prohibited falsely representing that a consumer debt will be assigned to a debt collector.

28. Under the provision of California Civil Code Section 1788.14 the Defendant was and is prohibited from communicating with Plaintiffs because **they were represented by an attorney who gave explicit instructions to cease such communications**.

29. Defendant violated California Civil Code 1788.14 at least (4) times because each of the letters counts as a violation.

30. The actions and conduct of the Defendant were and are oppressive and abusive in violation of the applicable provisions of California Civil Code Section 1788.14.

31. As a result thereof, the Defendant is liable for statutory damages ranging from $400 to $4,000.00, actual damages, and reasonable attorney fees under California Civil Code Section 1788.30.

### Third Claim for Relief
### (Fair Debt Collection Practices Act)

32. The allegations in paragraphs 1 through 34 of this complaint are realleged and incorporated herein by this reference.

33. The Defendant violated the FDCPA. Defendant's violations include but are not limited to engaging in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt, 15 U.S.C. Section 1692d.

34. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages of $1,000.00, and attorney's fees.

**WHEREFORE,** the Plaintiffs having set forth their claims for relief against the Defendant respectfully pray of the Court as follows:

A. That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of actual damages;

B. That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of statutory damages;

C. That the Plaintiffs have and recover against the Defendants a sum to be determined by the Court in the form of punitive damages;

D. That the Plaintiffs have and recover against the Defendant all reasonable legal fees and expenses incurred by their attorney;

E. That this Court order the Defendants to pay additional actual damages of $100.00 and statutory damages in a sum of $4,000.00 by the Court for violation California Civil Code Section 1788.30, et seq.;

F. That this Court order the Defendants to pay additional $100.00 in actual damages and statutory damages in a sum $1,000.00 for violating the FDCPA pursuant to 15 U.S.C. Section 1692k;

G. That the underlying debt to the Defendants be forever canceled and discharged; and

H That the Plaintiffs have such other and further relief as the Court may deem just and proper.

Dated: 9/22/2010          /s/ Robert Keith Aganon_____
                          ROBERT KEITH AGANON
                          Debtor


Dated: 9/22/2010          /s/ Laura Labaria Aganon_____
                          LAURA LABARIA AGANON
                          Debtor


Dated: 9/22/2010          /s/ Eddy Hsu_____
                          Eddy Hsu, Esq.
                          Attorney for Debtor